Wadah Ali Ali YAQOUB, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72553.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Decided June 22, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REAVLEY,[**] T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM [***]

■ Substantial evidence supports the Immigration Judge's determination that petitioner Wadah Ali Ali Yaqoub failed to establish sufficient individualized harm or risk of future harm to be eligible for asylum based on past persecution or a well-founded fear of future persecution. *See Sebastian–Sebastian v. INS*, 195 F.3d 504, 508 n. 5 (9th Cir.1999) (recognizing that "[m]ere generalized lawlessness and violence" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum) (citation omitted). In particular, the house bombing appeared to be an isolated incident not clearly related to Yaqoub's father's political position. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000).

Standing alone, Yaqoub's brother's status as an asylum grantee does not compel a finding that Yaqoub has a well-founded fear of persecution based on a pattern or practice of persecution against an entire group. Acts of violence against family members may form the basis for a well-founded fear, but such violence must "create a pattern of persecution closely tied to the applicant." *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.1999) (citation and alteration omitted). The bombing described by Yaqoub was not closely tied to him as an individual.

■ Because Yaqoub did not show eligibility for asylum, he necessarily failed to meet the higher burden of demonstrating eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Yaqoub also did not demonstrate eligibility for relief under the Convention Against Torture because he did not show that it is more likely than not that he would be tortured if returned to Yemen. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

